**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

JEWS FOR JESUS, a California nonprofit corporation, and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ARIEL ZVOLON AMITAY, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | **CASE NUMBER:** *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):* Civic Center Courthouse | CGC-24-**CGC-24-620902** |
| 400 McAllister Street, San Francisco, CA 90012 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Raffi Kassabian, Esq., 301 N. Lake Ave., Suite 600, Pasadena, CA 91101, (626)-499-6998

| DATE: *(Fecha)* **01/02/2025** | Clerk, by *(Secretario)* **SAHAR ENAYATI** | , Deputy *(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**[SEAL]**

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*
   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear This Form button after you have printed the form.     Print this form     Save this form     Clear this form



1 | Raffi Kassabian (SBN 260358)
Email: raffi@bezdikkassab.com
2 | Sareen Bezdikian (SBN 229165)
Email: sareen@bezdikkassab.com
3 | Arin Pezeshkian (SBN 347127)
Email: arin@bezdikkassab.com
4 | **BEZDIK KASSAB LAW GROUP**
301 N. Lake Ave., Suite 600
5 | Pasadena, CA 91101
Telephone: (626) 499-6998
6 | Facsimile: (626) 499-6993

**ELECTRONICALLY**
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**12/24/2024**
**Clerk of the Court**
**BY: SAHAR ENAYATI**
**Deputy Clerk**

7 | Attorneys for Plaintiff Ariel Zvolon Amitay

8 |

9 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

10 |

11 |

12 | ARIEL ZVOLON AMITAY, an
individual,

13 |                    Plaintiff,

14 |          vs.

15 | JEWS FOR JESUS, a California nonprofit
16 | corporation, and DOES 1-50, inclusive,

17 |                    Defendant.

Case No.:

**COMPLAINT FOR:**
                                    CGC-24-620902
1) **DEFAMATION**
2) **FALSE LIGHT**
3) **INTENTIONAL INFLICTION
   OF EMOTIONAL DISTRESS**
4) **NEGLIGENT INFLICTION OF
   EMOTIONAL DISTRESS**

**DEMAND FOR JURY TRIAL**

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

Plaintiff ARIEL ZVOLON AMITAY, an individual ("Plaintiff" or "Amitay"), hereby files this Complaint against Defendant JEWS FOR JESUS, a California nonprofit corporation ("Defendant" or "JFJ").

## THE PARTIES

1.     Plaintiff ARIEL ZVOLON AMITAY is an individual residing in Tzfat, Israel.

2.     Defendant JEWS FOR JESUS is, and at all relevant times herein was, a nonprofit corporation organized and existing under the laws of the State of California, was at all times mentioned herein doing business in the state of California, and has its principal place of business located in San Francisco, California.

3.     The DOE Defendants are persons, partnerships, corporations, and/or entities whose names and identities are presently unknown to Plaintiff. They are sued herein under fictitious names for the reason that their true names and identities are unknown to Plaintiff except that they are connected in some manner with the named Defendants, and/or may become successors in interest to the named Defendants, and/or were engaged in the same activities as the named Defendants, as alleged below, and/or were in some manner presently unknown to Plaintiff engaged in the activities alleged herein and/or were in some manner responsible for the injuries and/or damages to Plaintiff, and/or conducted some activity or activities in a negligent manner or otherwise facilitated the named Defendants' fraudulent, negligent, and other wrongdoings which were a proximate cause of damages Plaintiff, and/or were in violation of a duty or breach of a contract which resulted in damages and/or injury to Plaintiff, and/or were in some manner related to the named Defendants. Plaintiff prays for leave to certify the true names, identities, capacities, activities, and/or responsibilities of the DOE defendants when such are ascertained.

4.     At all relevant times, and on information and belief, each Defendant acted as an agent, servant, employee, co-conspirator, alter-ego and/or joint venture of the other Defendant as well, and in doing the things alleged herein acted within the course and scope of such agency, employment, alter-ego and/or in furtherance of the joint venture. Each of the Defendants' acts alleged herein was done with the permission and consent of each of the other Defendants.

BEZDIK KASSAB LAW GROUP

BEZDIK KASSAB LAW GROUP

**JURISDICTION AND VENUE**

5.    This Court has subject matter jurisdiction over this action because this case is not a cause given by statute to other trial courts and because a substantial portion of the wrongdoing alleged in this Complaint took place in California. Moreover, the amount in controversy exceeds $35,000.

6.    This Court has personal jurisdiction over the Defendant because Defendant has its principal place of business in the State of California.

7.    This Court also has personal jurisdiction over the Defendant because the wrongdoings herein alleged took place in the State of California.

8.    Venue is also proper in the County of San Francisco because the conduct and actions alleged in this Complaint occurred in the County of San Francisco.

9.    Venue is also proper in the County of San Francisco because at least one Defendant has their principal place of business in the County of San Francisco.

**FACTUAL ALLEGATIONS**

10.    JFJ is a nonprofit religious corporation with its base of operations in San Francisco, California. According to their website (https://jewsforjesus.org) they "exist to support you in exploring Jewish life with faith in Jesus."

11.    According to the links from their website, JFJ has an Instagram account under the username "jewsforjesus" with approximately 83,000 followers, a Facebook account with approximately 695,000 followers, a Youtube account under the username "SOBEIT32AD" with approximately 454,000 subscribers, and an X/Twitter account under the username "JewsforJesus" with approximately 23,000 followers.

12.    Amitay was a student of the Jewish religion who studied at a yeshiva for approximately six (6) years, then moved to New York to study his faith for another three (3) years. Afterwards, he moved back to Israel to become a religious teacher for one (1) year, moved back to New York for one (1) more year after to study, and moved back to Israel to study for one (1) more year at Kfar Chabad. Amitay subsequently got married and studied further in Tzfat, Isreal. He dedicated his life to the study of the Jewish Orthodox faith and committed many years studying to become a rabbi and

teach. Amitay finally got a job teaching at 'Educate the Young' (as translated from Hebrew to English) located in Tzfat. He worked there for approximately two (2) years and his compensation varied depending on how many classes and hours he taught. Amitay taught year-round.

13.    However, Amitay's dream job suddenly came to an end as he was terminated on due to an egregious act by JFJ which changed Amitay's life forever.

14.    On or around December 30 and 31, 2023, JFJ uploaded photos of Amitay on their social media pages, including Instagram and Facebook. A screenshot of these posts is attached hereto as "Exhibit A." Amitay has never before associated with JFJ and disagrees with their religious views. However, JFJ posted a picture of Amitay on their website giving the appearance that he supports JFJ's cause. Not only was a photo uploaded, but the post included a caption also falsely expressing that Amitay supported JFJ's religious views. Amitay is an Orthodox Jew, a more traditional branch of Judaism, which have starkly different views from JFJ, a highly liberal religious group.

15.    The photo was taken by an unknown individual, who never obtained Amitay's consent to post or disseminate online. Amitay first discovered the posts when his friends sent it to him.

16.    JFJ knew or should have known from Amitay's appearance in the photo that he did not support JFJ's views. Amitay's demeanor, including his long beard and black yarmulke, is that of a traditional and conservative follower of Judaism, which is someone who would certainly not have supported JFJ. What is more, Amitay was wearing an army outfit, so JFJ was intentionally, falsely, and deceptively showing that someone from the army supports JFJ. On information and belief, JFJ's intention was to assert that someone as conservative as Amitay would still support them, which was unequivocally false.

17.    JFJ intentionally cropped the original photo to zoom in on Amitay and exclude certain objects/elements (the Tefillin) which would inform viewers he is not a JFJ supporter. On information and belief, a screenshot of the original photo is attached hereto as "Exhibit B."

18.    When Amitay's employer, 'Educate the Young,' saw the pictures posted online, they questioned and terminated him. They expressly stated that his termination was due to the posts online of him supporting JFJ, and that they could not condone or be associated with someone

1  involved with JFJ or their views. Had JFJ not uploaded these posts on their social media, Amitay

2  would not have lost his dream job and income that he worked for over a decade to obtain. Amitay

3  had a good reputation with his employer and the community as a teacher and rabbi prior to these

4  defamatory posts.

5  19.  Amitay has suffered shame and embarrassment amongst his friends, colleagues, and

6  community, and has suffered depression and mental suffering. Amitay has applied for work since but

7  has been unable to secure employment.

8  ### FIRST CAUSE OF ACTION

9  ### Defamation

10  (Against all Defendants)

11  20.  Plaintiff incorporates by reference the allegations of paragraphs 1 through 19 as though

12  fully set forth herein.

13  21.  Defendant published information about Plaintiff which is false by posting cropped photos of

14  Plaintiff on their social media pages, including a caption, showing falsely that Plaintiff supported

15  Defendant's religious views. The posts were made on December 30, 2023 and December 31, 2023.

16  The posts are not privileged publications.

17  22.  The posts were defamatory and unequivocally false as Plaintiff has no affiliation with

18  Defendant and his faith disagrees with Defendant's religious views. Defendant falsely posted

19  Plaintiff on their social media pages as a supporter of their faith and cause, and are responsible and

20  liable for each defamatory post. Defendant acted with malice as it knew Plaintiff was not associated

21  with Defendant and did not support its views, but on information and belief still intentionally

22  published the false post on their social media pages to disgrace, defame, and injure Plaintiff.

23  23.  Plaintiff was harmed as he lost his dream job and earnings, faced shame and embarrassment

24  in the community and continues to do so, and suffers from depression. Defendant's conduct was a

25  substantial factor in causing Plaintiff's harm. Plaintiff is seeking actual and compensatory damages,

26  including general and special damages, against Defendant, in addition to punitive damages for their

27  willful, malicious, and oppressive conduct.

28

BEZDIK KASSAB LAW GROUP

BEZDIK KASSAB LAW GROUP

## SECOND CAUSE OF ACTION

### False Light

(Against all Defendants)

24.   Plaintiff incorporates by reference the allegations of paragraphs 1 through 23 as though fully set forth herein.

25.   Defendant publicly disclosed material that showed Plaintiff in a false light by posting cropped photos of him on their social media pages, including a caption, showing falsely that Plaintiff supported Defendant's religious views.

26.   The false light created by the disclosure would be highly offensive to a reasonable person in Plaintiff's position, who was a conservative Orthodox rabbi with starkly differing views from that of Defendant. There is clear and convincing evidence that Defendant knew the posts would create a false impression about Plaintiff, and/or Defendant acted with reckless disregard for the truth. Even if Defendant did not know about the falsity, which it did, it was at the very least negligent in determining the truth of the information or whether a false impression would be created by its disclosure.

27.   Plaintiff was harmed as he lost his dream job and earnings, faces shame and embarrassment in the community and suffers from depression. Defendant's conduct was a substantial factor in causing Plaintiff's harm. Plaintiff is seeking actual and compensatory damages, including general and special damages, against Defendant, in addition to punitive damages for their willful, malicious, and oppressive conduct.

## THIRD CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

(Against all Defendants)

28.   Plaintiff incorporates by reference the allegations of paragraphs 1 through 27 as though fully set forth herein.

29.   Defendant caused Plaintiff to suffer severe emotional distress by posting Plaintiff's picture to

hundreds of thousands of followers and falsely asserting that Plaintiff supported Defendant's views. Defendant's conduct was extreme and outrageous.

30.    Defendant intended to and/or acted with reckless disregard of the probability that Plaintiff would suffer emotional distress, knowing that the post would be disseminated to Plaintiff, his friends, colleagues, and the community, and cause him shame and embarrassment.

31.    As a result of Defendant's posts on social media, Plaintiff has suffered extreme emotional distress, including but not limited to depression caused by shame, embarrassment, a loss of his dream job, and loss of income.

32.    Defendant's conduct was a substantial factor in causing Plaintiff's severe emotional distress.

33.    Defendant's outrageous conduct was the actual and proximate cause of the emotional distress inflicted upon Plaintiff. Plaintiff is seeking actual as well as punitive and compensatory damages against Defendant as a result of their willful, oppressive, wanton, malicious, and reckless actions.

### FOURTH CAUSE OF ACTION

#### Negligent Infliction of Emotional Distress

##### (Against all Defendants)

34.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 33 as though fully set forth herein.

35.    Defendant caused Plaintiff to suffer severe emotional distress by posting Plaintiff's picture to tens of thousands of followers and falsely asserting that Plaintiff supported Defendant's views.

36.    Defendant knew or should have known that Plaintiff would suffer emotional distress, knowing that the post would be disseminated to Plaintiff, his friends, colleagues, and the community, and cause him shame and embarrassment.

37.    As a result of Defendant's posts on social media, Plaintiff has suffered extreme emotional distress, including but not limited to depression caused by shame, embarrassment, a loss of his dream job, and loss of income.

38.    Defendant's conduct was a substantial factor in causing Plaintiff's severe emotional distress.

39.    Defendant's conduct was the actual and proximate cause of the emotional distress

BEZDIK KASSAB LAW GROUP

inflicted upon Plaintiff. Plaintiff is seeking actual and compensatory damages against Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. Actual and compensatory damages, including consequential damages, in an amount to be proven at trial;

B. For an order awarding pre-judgment and post-judgment interest;

C. For attorneys' fees and costs;

D. For punitive and exemplary damages of at least $5,000,000;

E. For injunctive relief; and

F. For such other and further relief as this Court find just, equitable and proper.

Plaintiff demands a jury trial on all issues.


DATED:  December 24, 2024                    **BEZDIK KASSAB LAW GROUP**



                                             _____

                                             Raffi Kassabian
                                             Sareen Bezdikian
                                             Arin Pezshkian
                                             Attorneys for Plaintiff

# Exhibit A

...

**Jews for Jesus** 
30 בדצמבר 2023 ·

"Thank you for leaving at my home a copy of the New Testament. I look forward to reading it when I return home from the war." –Nachman, a young Haredi soldier.

This year, there have been unimaginable atrocities committed against the people of Israel. Over one thousand Israelis were murdered, with thousands more injured and many communities decimated. The needs are overwhelming. Yet God's unwavering faithfulness to His chosen people demonstrates to the whole world that He kee... **ראה עוד**



**Jews for Jesus Israel**
🌐 31 בדצמבר 2023 ב‏-19:00 ·

"Thank you for leaving at my home a copy of the New Testament. I look forward to reading it when I return home from the war." –Nachman, a young Haredi soldier

This past year has been unbelievably difficult, yet God's unwavering faithfulness to His chosen people demonstrates to the whole world that He keeps His promises. One of the ways that God provides for His people is through the generosity of other people around the world, like you. Because of your support, we were able to give a copy of the New Testament to Nachman and more than 1,000 israelis in 2023! ❣



13 תגובות · 9 שיתופים                                                     131 💗👍

···

Jews for Jesus Israel 

31 בדצמבר 2023 · 🌐

"Thank you for leaving at my home a copy of the New Testament. I look forward to reading it when I return home from the war." –Nachman, a young Haredi soldier

This past year has been unbelievably difficult, yet God's unwavering faithfulness to His chosen people demonstrates to the whole world that He keeps His promises. One of the ways that God provides for His people is through the generosity of other people around the world, like you. Because of your support, we were able ... ראה עוד



jewsforjesusisr • Follow

jewsforjesusisr "Thank you for leaving at my home a copy of the New Testament. I look forward to reading it when I return home from the war." – Nachman, a young Haredi soldier

This past year has been unbelievably difficult, yet God's unwavering faithfulness to His chosen people demonstrates to the whole world that He keeps His promises. One of the ways that God provides for His people is through the generosity of other people around the world, like you. Because of your support, we were able to give a copy of the New Testament to Nachman and more than 1,000 Israelis in 2023!

169 likes
December 31, 2023

Instagram
Home
Search
Explore
Reels
Messages
Notifications
Create
Profile
More












# Exhibit B



CASE NUMBER: CGC-24-620902  ARIEL ZVOLON AMITAY VS. JEWS FOR JESUS ET AL

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:**    **MAY 28, 2025**

**TIME:**    **10:30 am**

**PLACE:**   **Department 610**
**400 McAllister Street**
**San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110
no later than 15 days before the case management conference.  However, it would facilitate
the issuance of a case management order  **without an appearance**  at the case
management conference if the case management statement is filed and served twenty-five
days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and
complaint. Proof of service subsequently filed with this court shall so state.   **This case is
eligible for electronic filing and service per Local Rule 2.11.  For more information,
please visit the Court's website at https://sf.courts.ca.gov under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place
of filing a written response to the complaint. You must file a written response with the
court within the time limit required by law. See Summons.]**

### ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN
MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR
OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

(SEE LOCAL RULE 4)

Plaintiff  **must**  serve a copy of the Alternative Dispute Resolution (ADR) Information Package
on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed
at https://sf.courts.ca.gov/divisions/civil-division/alternative-dispute-resolution or you may request
a paper copy from the filing clerk.  All counsel must discuss ADR with clients and opposing counsel
and provide clients with a copy of the ADR Information Package prior to filing the Case
Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**adrcoordinator@sftc.org**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**



**Superior Court of California, County of San Francisco**
**Information Sheet**
**Voluntary Expedited Jury Trial Summary**

The San Francisco Superior Court encourages the use of Voluntary Expedited Jury Trials ("EJTs") in appropriate cases. EJTs provide an excellent opportunity to resolve your client's case in an expeditious and inexpensive way. Voluntary EJTs are authorized by statute. CCP §§ 630.01.

EJTs can resolve your entire case <u>or</u> a single important case critical issue that, once adjudicated, can promote resolution of the entire case (for example: course and scope of employment, causation of an injury, whether a contract was formed, etc.) EJTs promote equal access to civil justice as they are less expensive, consume fewer courtroom days, provide flexibility throughout, encourage high/low agreements to limit risk, and feature streamlined pre-trial procedures.

These are highlights of an EJT (C.C.P. §§ 630.01 et seq. and Rules of Court 3.1549 - 3.1553):

- Parties encouraged to submit a joint jury questionnaire;
- 8 jurors (6 must agree);
- 3 peremptory challenges per side;
- 5-hour time limit per side <u>unless agreed otherwise and approved;</u>
- One to two court days completion <u>unless agreed otherwise and approved;</u>
- Option to present evidence by stipulation and objection;
- High/low arrangement option;
- Limited appeal (misconduct by judge or jury substantially affecting parties' rights or corruption, or bad faith.)

If the parties agree to the Voluntary EJT, they should file and serve the completed and signed (Proposed) Consent Order for Voluntary Expedited Jury Trial, Judicial Council Form EJT-020.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Raffi Kassabian, Esq. (SBN 260358)
301 N. Lake Ave., Suite 600, Pasadena, CA 91101

TELEPHONE NO.: 626-499-6998    FAX NO.: 626-499-6993
EMAIL ADDRESS: raffi@bezdikkassab.com
ATTORNEY FOR *(Name):* Plaintiff Ariel Zvolon Amitav

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

**FOR COURT USE ONLY**

**ELECTRONICALLY**
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**12/24/2024**
**Clerk of the Court**
BY: SAHAR ENAYATI
**Deputy Clerk**

CASE NAME:
Ariel Zvolon Amitay v. Jews for Jesus

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CGC-24-620902 |
|---|---|---|
| [x] Unlimited    [ ] Limited (Amount demanded exceeds $35,000) (Amount demanded is $35,000 or less) | [ ] Counter    [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[x] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* four (4); Defamation, False Light, IIED, NIED
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: December 24, 2024
Raffi Kassabian, Esq.
(TYPE OR PRINT NAME)    ▶    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET                     **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
  Uninsured Motorist (46) *(if the*
  *case involves an uninsured*
  *motorist claim subject to*
  *arbitration, check this item*
  *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
  Wrongful Death
Product Liability *(not asbestos or*
  *toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil*
  *harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer*
    *or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally*
  *complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent*
    *domain, landlord/tenant, or*
    *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
  *drugs, check this item; otherwise,*
  *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner
    Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex*
  *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic*
    *relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-*
    *harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

For your protection and privacy, please press the Clear
This Form button after you have printed the form.     | Print this form |  | Save this form |          | Clear this form |





**Superior Court of California, County of San Francisco**
**Alternative Dispute Resolution**
**Information Package**



The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action together with the cross-complaint. (CRC 3.221(c).)

**WHAT IS ADR?**
Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to trial.

**WHY CHOOSE ADR?**
It is the policy of the Superior Court that every long cause, non-criminal, non-juvenile case should participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial. (Local Rule 4.)

ADR can have a number of advantages over traditional litigation:
- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

**\*\*Electing to participate in an ADR process does not stop the time period to respond to a complaint or cross-complaint\*\***

**WHAT ARE THE ADR OPTIONS?**
The San Francisco Superior Court offers different types of ADR processes for general civil matters. The programs are described below:

**1) MANDATORY SETTLEMENT CONFERENCES**
Settlement conferences are appropriate in any case where settlement is an option. The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute. Mandatory settlement conferences are ordered by the court and are often held near the date a case is set for trial, although they may be held earlier if appropriate. A party may elect to apply to the Presiding Judge for a specially set mandatory settlement conference by filing an ex parte application. See Local Rule 5.0 for further instructions. Upon approval by the Presiding Judge, the court will schedule the conference and assign a settlement conference officer.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO (BASF): The ADR DEPARTMENT OF THE BAR ASSOCIATION OF SAN FRANCISCO (BASF), in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. BASF's panel of experienced, professional and impartial mediators work with parties to help them arrive at mutually agreeable solutions. Parties can select their mediator from the website www.sfbar.org/mediation or BASF can assist with mediator selection. BASF pre-screens all mediators based upon strict educational and experience requirements and handles administrative matters, including conflict checks and case management. BASF charges an initial fee of $295 per party, which covers (1) BASF's administration costs, (2) the first hour of preparation time, and (3) the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate, which varies depending on the mediator selected. Waivers of BASF's fee are available to those who qualify. For more information, call 415-982-1600 or email adr@sfbar.org.

(B) JUDICIAL MEDIATION PROGRAM provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at any time throughout the litigation process. Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge. Information about the Judicial Mediation Program may be found by visiting the ADR page on the court's website: www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

(C) PRIVATE MEDIATION: Although not currently a part of the court's ADR program, parties may select any private mediator of their choice. The selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

(D) COMMUNITY BOARDS MEDIATION SERVICES: Mediation services are offered by Community Boards (CB), a nonprofit resolution center, under the Dispute Resolution Programs Act. CB utilizes a three-person panel mediation process in which mediators work as a team to assist the parties in reaching a shared solution. To the extent possible, mediators are selected to reflect the demographics of the disputants. CB has a success rate of 85% for parties reaching a resolution and a consumer satisfaction rate of 99%. The fee is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available. For more information, call 415-920-3820 or visit communityboards.org.

### 3) ARBITRATION

An arbitrator is a neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

#### (A) JUDICIAL ARBITRATION

When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.1 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after being assigned to judicial arbitration. There is no cost to the parties for judicial arbitration.

#### (B) PRIVATE ARBITRATION

Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

### HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's or court-affiliated ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet and available on the court's website); or
- Indicating your ADR preferences on the Case Management Statement (available on the court's website); or
- Contacting the court's ADR Department (see below), the Bar Association of San Francisco's ADR Services, or Community Boards.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103-A, San Francisco, CA 94102
adrcoordinator@sftc.org
Or, visit the court's ADR page at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE AND FILE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. YOU MUST ALSO CONTACT BASF OR COMMUNITY BOARDS TO ENROLL IN THEIR LISTED PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF OR COMMUNITY BOARDS.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name *and address*) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: <br> ATTORNEY FOR *(Name)*: | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO <br> 400 McAllister Street <br> San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER: <br><br> DEFENDANT/RESPONDENT: | |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: _____ |
|---|---|
| | DEPARTMENT 610 |

**1)** **The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐  **Mediation Services of the Bar Association of San Francisco (BASF)** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐  **Mediation Services of Community Boards (CB)** – Service in conjunction with DRPA, CB provides case development and one three-hour mediation session. Additional sessions may be scheduled. The cost is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available to those who qualify. communityboards.org

☐  **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐  **Judicial Arbitration** - Non-binding arbitration is available in cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. https://sf.courts.ca.gov/divisions/civil-division/alternative-dispute-resolution

☐  **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. https://sf.courts.ca.gov/divisions/civil-division/alternative-dispute-resolution

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days ☐  90-120 days ☐  Other (please specify) _____

☐  **Other ADR process** (describe) _____

**2)** **The parties agree that the ADR Process shall be completed by (date):** _____
**3)** **Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

| | |
|---|---|
| _____ <br> Name of Party Stipulating | _____ <br> Name of Party Stipulating |
| _____ <br> Name of Party or Attorney Executing Stipulation | _____ <br> Name of Party or Attorney Executing Stipulation |
| _____ <br> Signature of Party or Attorney | _____ <br> Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐  *Additional signature(s) attached*

ADR-2  04/24         **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**